UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAETTA VANCE, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-01501-JMS-DML |
| | ) | |
| BALL STATE UNIVERSITY, JON LEWIS, and | ) | |
| BRIAN SCOTT, | ) | |
| *Defendants.* | | |

## ORDER

Presently before the Court in this employment action is the Defendants' Partial Motion to Dismiss. [Dkt. 60.] The Plaintiff, Maetta Vance, has filed no response to the motion, and the time for doing so has expired. [*See* dkt. 70.] Although the mere fact that Ms. Vance has filed no response does not automatically mean that the Court must grant the motion, *see Tobey v. EXTEL/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993) (involving unopposed motion for summary judgment), her silence does obviate the need for any extended discussion of it, *see* L.R. 7.1(b).

Through the present motion, the Defendants seek to dismiss only three counts in the Amended Complaint. Count II alleges that Defendant Ball State University and Defendant Jon Lewis, one of its employees, violated 42 U.S.C. § 1983 by depriving her of substantive and pro-cedural due process in connection with their termination of her employment. Specifically, she charges that that they illegally terminated her employment on the basis of "bogus write-ups," on the basis of a not-thoroughly-investigated report that she had threatened to "buy a 380 assault rifle and shoot" another employee, and on the basis of an "[il]legitimate pre-termination hear-ing." [Dkt. 33 ¶¶ 17, 25-28.] Count V alleges that Defendant Brian Scott, another employee of Ball State, tortiously interfered with her employment by reporting, allegedly falsely, the threat

involving the assault rifle. [*Id.* ¶39.] And Count VI charges him with defamation for making that statement. [*Id.* ¶41.]

In reviewing Ms. Vance's Amended Complaint, the Court accepts as true its non-conclusory allegations and draws all reasonable inferences therefrom in favor of Ms. Vance as the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). For those counts in Ms. Vance's Amended Complaint that contain properly pleaded allegations that, even if true, "fail[] to state a claim upon which relief can be granted," the Court must dismiss them. Fed. R. Civ. Pro. 12(b)(6). If the counts fail to come within the Court's subject-matter jurisdiction, the Court must also dismiss them, albeit without prejudice. Fed. R. Civ. Pro. 12(b)(1); *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice.").

Although the Defendants invoke the "triply inaccurate" label of "eleventh amendment immunity" against Count II, *Mercado v. Dart*, 604 F.3d 360, 361-62 (7th Cir. 2010) (citations omitted),[1] they are ultimately correct that Ms. Vance has failed to state a claim under § 1983 against Ball State, which Ms. Vance has previously conceded is an arm of the State of Indiana and is thus not a "person" for the purposes of § 1983, *Vance v. Ball State Univ.*, 2008 U.S. Dist. LEXIS 12366, *10 (S.D. Ind. Feb. 15, 2008). For the same reason, any "official capacity" claim against Mr. Lewis also fails. *Mercado*, 604 F.3d at 362 (citation omitted). To whatever extent

---

[1] The triple inaccuracy arises "first because [*Hans v. Louisiana*, 134 U.S. 1 (1890)] did not interpret the eleventh amendment, whose text is limited to diversity suits; second because the eleventh amendment limits the jurisdiction of federal courts rather than establishing an immunity; and third because a state (including a state officer sued in an official capacity) is not a 'person' for the purpose of § 1983." *Id.* (citations omitted).

she seeks to sue him in his individual capacity, the claim fails because no allegation in the Amended Complaint, conclusory or otherwise, suggests that he acted knowingly or intentionally, as required, *see Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994) ("Negligence…does not violate the due process clause.").

Because Counts V and VI appear to allege that Mr. Scott committed torts within the course and scope of his employment, those claims are actually brought only against Ball State itself. Ind. Code § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally."); *id.* -5(c) (requiring lawsuits filed against individual employees of the state to affirmatively specify, if appropriate, that actions were outside the scope of employment).[2] The Eleventh Amendment prohibits the Court from adjudicating those state-law claims, where, as here, the state agency objects. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("[28 U.S.C.] § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants.").

Accordingly, the Court will **GRANT** the motion for partial dismissal. [Dkt. 60]. Count II is dismissed with prejudice under Fed. R. Civ. Pro. 12(b)(6). Counts V and VI are dismissed without prejudice under Fed. R. Civ. Pro. 12(b)(1).

01/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] If the claims were against Mr. Scott personally, Ms. Vance would have said so in a response. The Court interprets her lack of a response as a waiver of any argument that his alleged actions fell outside the scope of his employment and thus potentially subjected him to individual liability.

**Distribution via CM/ECF:**

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Diamond Z. Hirschauer
THE LAW OFFICES OF DIAMOND Z. HIRSCHAUER, P.C.
DZHirschauer@dzhlaw.com

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com

James Russell Williams
DEFUR VORAN LLP
jwilliams@defur.com