UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAETTA VANCE,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )     1:09-cv-01501-JMS-DML<br>) |
| BALL STATE UNIVERSITY, JON LEWIS, and<br>BRIAN SCOTT,<br>    *Defendants.* | )<br>) |

## ORDER

Presently before the Court in this employment action is the Defendants' Motion for Summary Judgment. [Dkt. 62.] The Plaintiff, Maetta Vance, has filed no response to the motion, and the time for doing so has expired. [*See* dkt. 70.] Although the mere fact that Ms. Vance has filed no response does not automatically mean that the Court must grant the motion, it does simplify the Court's consideration of the motion. The Court can now deem the Defendants' properly supported statements of fact "admitted and then determin[e] whether those facts entitle [the Defendants] to judgment as a matter of law." *Ziliak v. Astra Zeneca L.P.*, 324 F.3d 518, 520 (7th Cir. 2003) (citations omitted); LR. 56.1(e). If so, the Court must enter summary judgment. Fed. R. Civ. Pro. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

### I.
### BACKGROUND

In brief, the uncontroverted evidence in the record establishes the following facts, presented in the light most favorable to Ms. Vance.

Ms. Vance previously sued Defendant Ball State University under Title VII of the Civil Rights Act of 1964. This Court, acting through Judge Barker, issued summary judgment in favor

of Ball State in September 2008 (which the Seventh Circuit eventually upheld on appeal). *Vance v. Ball State Univ.*, 2008 U.S. Dist. LEXIS 69288 (S.D. Ind., Sept. 10, 2008), *aff'd* 646 F.3d 461 (7th Cir. 2011).

The entry of summary judgment caused Ms. Vance emotional stress, for which she sought and received leave under the Family and Medical Leave Act of 1993 (the "FMLA"). [*See* dkt. 63-15 ¶9.] During her FMLA leave, she unsuccessfully sought disability coverage from Ball State's disability carrier and to transfer to a new job as a driver at Ball State, the latter of which was denied because of a poor driving record. [*See id.* ¶¶ 14, 17.] On November 6, 2008, Ball State informed her that she had exhausted her twelve weeks of FMLA leave, although she disputed Ball State's calculations. [Dkt. 63-16; 63-17.] Shortly after, a co-worker reported that Ms. Vance had contacted him, angrily complained about her perceived mistreatment and said "that she needed to get a .380 assault rifle and kill [Ball State's Director of Employee Relations]." [Dkt. 63-29 at 3.]

The co-worker reported the threat, which he took to be serious, to Ball State, which in turn reported the threat to the police. [*Id.*] On November 25, 2008, following a hearing in which Ms. Vance and a union representative participated, Ball State terminated her employment, for violating disciplinary "Rule 22" in the employee handbook, a rule that prohibits threatening violence. [Dkt. 63-15 at ¶¶23; 63-11 at 3; 63-23; 63-25.]

Since 2001, Ball State has had a zero-tolerance policy for violations of Rule 22, which has resulted in the terminations of eleven other employees, including three white males. [Dkt. 63-14; 63-15 ¶¶24-26.]

After complaining to the EEOC about her allegedly improper termination, [dkt. 63-32 at 2], she filed the present action.

## II.
### DISCUSSION

By separate entry, the Court has dismissed Counts II, V, and VI of Ms. Vance's Amended Complaint. Thus, the only claims that remain for summary judgment are for retaliatory discharge under Title VII of the Civil Rights Act of 1964 (as amended), which appear in Counts I and III; for interference with her FMLA rights, which appear in Count IV; and for retaliation for having exercised her FMLA rights, which also appears in Count III.

### A. Title VII Retaliation Claim

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees…because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In her Amended Complaint, Ms. Vance alleges two forms of retaliation. First, she claims that Ball State terminated her in retaliation for having filed the discrimination charge that Judge Barker resolved. [Dkt. 33 ¶23.] Second, she claims that Ball State retaliated against her by issuing her write ups before her termination. [*See id.* ¶31.]

As to the first claim, the undisputed evidence shows no retaliation. While she did engage in statutorily protected activity by filing her charge and while she was ultimately terminated, no evidence shows a link between the two, as is required under the direct method. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (listing as the elements of the direct method for proving retaliation proof that "(1) [the employee] engaged in a statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) a causal connection exists between the two." (citation omitted)). Rather, the evidence establishes that she was terminated for violating Rule 22.

With respect to the indirect method of proof, even assuming she could make out a prima facie case, she must present evidence that Ball State's proffered reason for her termination—her violation of Rule 22—is an actual "lie," not a mere "mistake." *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). Her denials of having made the threat, [*see* dkt. 63-28 at 3], do not raise a genuine issue as to the sincerity of Ball State's belief that the reported threat—which Ball State passed along to the police—was true. *See* [dkt. 63-31 at 4 (affirming under oath that Ms. Vance was recommended for termination "based upon my conclusion that Mr. Scott's statement was credible and that therefore Ms. Vance had committed a serious violation of employment rules and acted in an unacceptable manner by threatening Ms. Rubrecht.")]; Ind. Code § 35-44-2-2(d)(1) (criminalizing giving "a false report of the commission of a crime or giv[ing] false information in the official investigation of the commission of a crime, knowing the report or information to be false").

As to the second claim, Ms. Vance cannot raise it here because she only complained about her termination to the EEOC—not about write-ups that were ultimately unconnected with the reason for her termination: Ball State's uniform policy of terminating employees who violate Rule 22. *See Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute….[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (citations and quotation omitted)).

## B. FMLA Interference

The FMLA provides workers with unpaid leave for "a total of 12 workweeks of leave during any 12-month period" for, among other things, "a serious health condition that makes the

employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). No employer may "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1).

Here, the undisputed evidence establishes that Ball State provided Ms. Vance with a full twelve weeks of FMLA leave, which were exhausted by November 6, 2008. [*See* dkt. 63-7.] Because she had no entitlement to further FMLA leave as of her November 25, 2008 termination, her termination could not have violated her FMLA rights, *see Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747, 750 (7th Cir. 2009) ("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection, their employer is covered by the Act, they are entitled to leave, they provided the appropriate notice, and *their employer denied them benefits to which they were entitled*." (citation omitted) (emphasis added)).

### C. FMLA Retaliation

The FMLA specifically prohibits employers from retaliating against employees who exercise their FMLA rights. 29 U.S.C. § 2615(a)(2). Employees may establish claims of FMLA retaliation using the same direct or indirect methods available under Title VII. *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008) ("We evaluate FMLA and Title VII retaliation claims in the same manner, assessing the direct or indirect method of proof." (citations omitted)). Because the undisputed evidence established that Ms. Vance was terminated for threatening violence against a co-worker in violation of Rule 22 rather than due to a protected status under Title VII, that same evidence also establishes that her termination was also not due to her exercise of her FMLA rights. Ball State could and did terminate Ms. Vance for violating Rule 22 without violating the FMLA. *See Daughtery*, 577 F.3d at 750 ("[A]n employer may

terminate employees—even when on leave—if the employer discovers misconduct that would justify termination had leave not been taken.").

## III.
## Conclusion

The Court **GRANTS** the Defendants' motion for summary judgment, [dkt. 62], as to all non-dismissed claims in this action. Final judgment will now issue.

01/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF**

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Diamond Z. Hirschauer
THE LAW OFFICES OF DIAMOND Z. HIRSCHAUER, P.C.
DZHirschauer@dzhlaw.com

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com

James Russell Williams
DEFUR VORAN LLP
jwilliams@defur.com